FILED

**NOT FOR PUBLICATION**

JUN 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO SAQUIC TIZOL, | No. 11-73115 |
| Petitioner, | Agency No. A088-500-490 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Arnoldo Saquic Tizol, a native and citizen of Guatemela, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Saquic Tizol failed to establish that the past harm he and his family suffered occurred on account of a protected ground. *See INS v. Elias Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). Substantial evidence also supports the BIA's determination that there is insufficient evidence that Saquic Tizol has a well-founded fear of future persecution by the guerillas, considering that the armed conflict with the guerillas ended after the peace accords in 1996. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We lack jurisdiction to consider Saquic Tizol's gang-related social group claim, because he did not exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted). Further, in light of our nexus determination, we do not address Saquic Tizol's

contention that the agency failed to properly consider his age at the time of the past harm. Thus, Saquic Tizol's asylum claim fails.

Because Saquic Tizol has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Saquic Tizol did not raise any arguments regarding the denial of CAT relief in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**